[Crim. No. 8994. Second Dist., Div. Four. Jan. 2, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. RAYMOND CLINTON BROWNING, Defendant and Appellant.

Richard C. Cumming, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Rose-Marie Gruenwald, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—Defendant was charged with two counts of lewd conduct with children in violation of section 288 of the Penal Code. Defendant entered a plea of guilty to one count, the other was dismissed. Further proceedings were suspended and defendant was certified by the municipal court to the superior court as a probable sexual psychopath. Two doctors were appointed to examine defendant and to file

reports under the sexual psychopathy act. After a hearing on June 3, 1960, at which it was stipulated that the issue of sexual psychopathy be submitted on the written reports of the doctors appointed, the court found defendant to be a probable sexual psychopath and committed him to a state hospital for observation and diagnosis. Subsequently, a report was made to the court by the superintendent of the hospital, and on August 15, 1960, defendant was found to be a sexual psychopath and was recommitted and ordered confined in the state hospital for an indeterminate period.

On March 13, 1962, he was returned to the superior court, pursuant to section 5517 of the Welfare and Institutions Code, adjudged still to be a sexual psychopath, and recommitted to the Department of Mental Hygiene for placement for an indefinite period in a facility of the Department of Corrections for treatment of sexual psychopaths.

On January 11, 1963, defendant was again returned to the superior court pursuant to section 5517. At this hearing it was stipulated by counsel for defendant that the court could "read and consider" the written report of Dr. Robert P. Streitel (a court appointed psychiatrist), filed with the court on January 2, 1963, and that, "the defendant agreed to submit the matter" on the basis of this report. The court, after indicating that it had read and considered the report and also the probation officer's report of November 21, 1962, found defendant "yet to be a sexual psychopath and not amenable to treatment," and again recommitted him for an indeterminate period. Defendant appeals from the order of January 11, 1963.

Defendant contends that the order should be reversed and a new hearing granted, because "the court erred" in not permitting him to present witnesses in his own behalf and in not permitting him the right to cross-examine the witnesses who testified against him, thus denying him the right to a fair hearing. We find no merit in this contention.

Defendant correctly asserts that he was entitled to present witnesses at the hearing and to cross-examine those testifying against him. (Welf. and Inst. Code, § 5518.) It is apparent however, from the record before us, that defendant did not attempt to exercise those rights at the hearing. No attempt was made to present witnesses, nor was any request made to subpoena witnesses on behalf of either party. Defendant was not denied the right to cross-examine witnesses, for no witnesses were called. Counsel for defendant entered into a stipulation submitting the matter on the report of a doctor ap-

pointed to examine defendant. No objection was made by defendant to this stipulation. Any right to cross-examine witnesses against him or to present witnesses in his own behalf was therefore waived. (*People* v. *Hart,* 121 Cal.App.2d 301 [262 P.2d 865].)

Defendant bases his appeal on two unsworn statements made by him, one at the hearing of January 11, and the other in his notice of appeal filed in propria persona.

Defendant was permitted at the hearing to make a statement to the court in which he requested "some more time or to appeal the case if I'm sentenced today." He also stated in general terms, that the "reports" before the court were untrue. No effort, however, was made to introduce evidence to contradict anything contained in the reports.

In his notice of appeal defendant asserted that he was denied the right to subpoena the superintendent of the state hospital in which he was committed, and a certain doctor at San Quentin. There is nothing in the record to support this unsworn assertion. Since this contention was not presented to the court at the hearing and is not a part of the record, it cannot be considered on appeal. (*People* v. *Bailey,* 105 Cal.App.2d 150, 153 [232 P.2d 518].)

We find no error. The order appealed from is affirmed.

Burke, P. J., and Kingsley, J., concurred.