[Crim. No. 12009.   Second Dist., Div. Five.   Apr. 24, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. GEORGE EDWARD LOIGNON, Defendant and Appellant.

Anita Castellanos, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Edward J. Horowitz, Deputy Attorney General, for Plaintiff and Respondent.

HUFSTEDLER, J.—Defendant Loignon appeals "from the order denying motion for new trial and from the judgment." Loignon was charged with violating section 288a of the Penal Code, oral copulation with Terry, a 15-year-old boy.

Loignon pleaded not guilty, a jury trial was waived and the cause by stipulation was submitted to the court upon the testimony contained in the transcript of the preliminary hearing. On September 15, 1965, the court found Loignon guilty of violating section 272 of the Penal Code (contributing to the delinquency of a minor), a lesser offense included in the charge under section 288a of the Penal Code.

On the same date the trial court ordered a probation report and appointed Doctors McNiel and Abe to examine Loignon "under 5504 Welfare and Institutions Code re Mentally Disordered Sex Offender." The court ordered "further proceedings re Mentally Disordered Sex Offender and Probation and Sentence continued to October 13, 1965." On the continued date no evidence was offered or received. The court indicated that it had read the psychiatrists' reports and that Loignon would be certified to Department 95 for the purpose of determining whether or not Loignon was a mentally

disordered sex offender. The following exchange then took place:

"MR. STEWART: Would this be in preference to a commitment to Atascadero, your Honor?

"THE COURT: I think we have to go there instead of directly.

"MR. STEWART: No. We can go direct to Atascadero.

"MR. BOAGS: Yes.

"THE COURT: I will refer him directly because I am satisfied that he is a mentally disordered sexual offender. He will be referred to Atascadero for ninety days."

An order of commitment was made October 13 reciting that defendant was "found a mentally disordered sex offender under section 3255 Penal Code. Committed as indicated." [Reference to Penal Code section 3255 was obviously in error since there is no section of the Penal Code so numbered.] The order directed Loignon to be confined to Atascadero State Hospital for a 90-day period for observation and diagnosis.

Loignon was returned from Atascadero to the trial court for "probation and sentence hearing" on January 27, 1966. Loignon's counsel requested the court to refer Loignon back to Atascadero or in the alternative to impose upon him a county jail sentence for the misdemeanor of which he was found guilty. Again, no evidence was offered or received. The court stated: "Let the record show the Court has read and considered the report recommending that the patient Loignon, the defendant herein, be returned to court as a mentally disordered sex offender not amenable to hospital treatment, dated December 17, 1965. Pursuant to the provisions of law it will be the judgment of the Court that the defendant shall be sentenced and committed to the Department of Mental Hygiene for an indeterminate period and sent to the reception guidance center, California Institution for Men, Chino, California, in compliance with Section[s] 5512 and 5518 of the Welfare and Institutions Code."

The commitment order of January 27, 1966, recites that probation is denied and that a "report having been submitted by the superintendent and medical director of Atascadero State Hospital to the Court under the provisions of section 5512 Welfare and Institutions Code, stating defendant is a mentally disordered sex offender *and amenable to treatment*; . . . it is . . . ordered and adjudged that said defendant is a mentally disordered sex offender . . . and that he be recommitted to the Department of Mental Hygiene for placement in

an institutional unit for treatment of mentally disordered sex offenders in a facility (California Institution for Men, at Chino) of the Department of Corrections for an indefinite period." [Italics added.]

█ It is apparent that the trial court was under the mistaken impression that sexual psychopathy proceedings are merely a part of the probation and sentencing procedure in a criminal case in which such proceedings are invoked after a finding of guilt. The court thus assumed that an order directing psychiatric examinations and reports under section 5504 of the Welfare and Institutions Code was an adjunct to an order for a probation report, that a hearing following the order was a continuation of probation and sentencing procedures upon the offense of which he had been found guilty, and that the order of commitment was a criminal sentence for the crime. Sexual psychopathy proceedings are not part of the probation and sentencing procedure. "The sexual psychopathy law provides for separate proceedings of a civil nature for the purpose of protecting society against the activities of sexual psychopaths and at the same time affording a means whereby a person found guilty of a criminal offense may be aided by medical treatment." (*Thurmond* v. *Superior Court* (1957) 49 Cal.2d 17, 20 [314 P.2d 6].)

█ A commitment under the sexual psychopathy law is not a sentence on the criminal offense, a conviction of which antecedes sexual psychopathy proceedings. Confinement as a sexual psychopath is not criminal punishment. (*People* v. *McCracken* (1952) 39 Cal.2d 336, 346 [246 P.2d 913]; *People* v. *Rancier* (1966) 240 Cal.App.2d 579, 581 [49 Cal.Rptr. 876].)

The procedure for the commitment of one found to be a mentally disordered sex offender is detailed in Welfare and Institutions Code, section 5500 and following. The foundation section is section 5501, which provides in part: "When a person is convicted of any criminal offense . . . the trial judge, on his own motion, . . . if it appears to the satisfaction of the court that there is probable cause for believing such a person is a mentally disordered sex offender within the meaning of this chapter, may adjourn the proceeding or suspend the sentence, as the case may be, and may certify the person for hearing and examination by the superior court of the county to determine whether the person is a mentally disordered sex offender within the meaning of this chapter . . ."

At no time did the trial court "adjourn the proceeding" or "suspend the sentence" or "certify the person for hearing and examination . . . to determine whether the person is a mentally disordered sex offender." The certification requirement and the additional requirement of a statement of the court's reasons for finding probable cause are set forth in sections 5501 and 5501.5 of the Welfare and Institutions Code.

After a defendant has been properly certified, the code requires that he shall be taken before a judge of the superior court and that the judge "shall then inform him that he is certified or alleged to be a mentally disordered sex offender, and inform him of his rights to make a reply and to produce witnesses in relation thereto." (Welf. & Inst. Code, § 5503.) Further procedural steps are required by sections 5504 and 5503.5 of the code. After all of the preliminary requirements have been satisfied, a hearing must be held at which psychiatric testimony and any other evidence on the issue are received. (Welf. & Inst. Code, § 5505 et seq.)

█ None of the procedural requirements established by the mentally disordered sex offenders law has been met. The original order directing Loignon's examination under section 5504 of the Welfare and Institutions Code, the order of commitment to Atascadero for observation, and the order of commitment to the Department of Mental Hygiene for placement in an institutional unit for treatment of mentally disordered sex offenders issued January 27, 1966, are void. The requirements of the mentally disordered sex offender law are jurisdictional. (See, *e.g., People* v. *Good* (1963) 223 Cal.App.2d 298, 301 [35 Cal.Rptr. 825].) █ The original commitment order is deemed a final judgment for the purposes of appeal, and the subsequent orders are appealable as special orders after final judgment, under section 963, subdivision 2 of the Code of Civil Procedure. (*Gross* v. *Superior Court* (1954) 42 Cal.2d 816, 821 [270 P.2d 1025]; Witkin, Cal. Criminal Procedure, Appeal, § 652, p. 644.)

No judgment of conviction or other appealable order has been rendered against Loignon following the court's finding that he was guilty of violating section 272 of the Penal Code. No motion for new trial has been made. An order denying probation is not an appealable order. (Witkin, Cal. Criminal Procedure, Appeal, § 657, p. 649.) We thus have no occasion to review the merits of the arguments directed to the criminal phase of the proceedings.

The attempted appeal from the nonexistent order denying motion for new trial is dismissed. The judgment is reversed with directions to vacate the order of September 15, 1965, directing Loignon's examination under section 5504 of the Welfare and Institutions Code, the order dated October 13, 1965, committing Loignon to Atascadero State Hospital for observation, and the order of commitment to the Department of Mental Hygiene, dated January 27, 1966.

Kaus, P. J., and Stephens, J., concurred.