[Crim. Nos. 12312, 13515. Second Dist., Div. Four. June 15, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. RALPH HAROLD HARVATH, Defendant and Appellant.

(Two Cases.)

Ralph Harold Harvath, in pro. per., and Donald S. Emmer, under appointment by the Court of Appeal, for Petitioner, Defendant and Appellant.

Thomas C. Lynch, Attorney General, Elizabeth Miller and Carl A. Erickson III, Deputy Attorneys General, for Plaintiff and Respondent.

KINGSLEY, J.—The present case comes before us in the form of two attempted appeals from orders of the superior court, denying requests for relief from assertedly void orders theretofore entered. By stipulation, we treat all of the documents filed herein in both appeals as a petition for a writ of habeas corpus[1] and, for the reasons hereinafter stated, grant relief.

Defendant was charged in two counts with violation of section 288 of the Penal Code, the victim in each case being under the age of 14 years. He pled not guilty, trial by jury was duly waived, and by stipulation, the case was submitted on the transcript of the testimony given at his preliminary examination. The trial court found defendant guilty of two violations of section 272 of the Penal Code, a lesser and included offense.

Thereafter, on November 26, 1963, the trial court appointed three doctors ''to examine the defendant to determine whether he is a probable sexual psychopath or not.''[2] Although the court had earlier set a date for hearing the matters of probation and sentence, no date was set for any hearing on the matter of ''sexual psychopathy,'' and no statement in any way complying with section 5503 of the Welfare and Institu-

---

[1] By reason of that stipulation, we need not and do not determine whether or not either of the orders was appealable.

[2] We quote, in full, the proceedings relative to this order:
''THE COURT: The Court will appoint Doctors Abe, Crahan, and Mc-Ginnis to examine the defendant to determine whether he is a probable sexual psychopath or not. You will have to see that arrangements are made that he make these appointments and keep them, Mr. Davis.
''MR. DAVIS: We will make the appointment on his behalf this afternoon.
''THE COURT: Same bail.
''MR. DAVIS: Thank you.''

tions Code,[3] advising defendant of his rights in that connection, was ever made.

When the case next came before the trial court, on December 27, 1963, the following proceedings took place:

"THE COURT: People versus Harvath.

"MR. DAVIS: This matter was continued from last week to today, your Honor. I believe there was a recommendation from the probation officer that he be sent to Atascadero for a ninety day period.

"THE COURT: Do you waive further arraignment for judgment and sentence?

"MR. DAVIS: Waive further arraignment.

"THE COURT: Is there any legal cause why sentence should not now be pronounced?

"MR. DAVIS: No legal cause, your Honor.

"THE COURT: I will find that the defendant is a probable sexual psychopath under the provisions of the 5500 Sections of the Welfare and Institutions Code, and the defendant is remanded to the custody of the Sheriff for transportation to the Department of Mental Hygiene for placement at Atascadero for a period of observation not to exceed ninety days and thereafter to be returned to this Court." Obviously, this in no way amounted to the "hearing" required by sections 5505-5511.

Defendant was transmitted to Atascadero State Hospital for observation, pursuant to the order just quoted. He was returned from that institution with a report from the superintendent, purportedly pursuant to section 5512, that defendant was a mentally disordered sex offender but that he would not benefit from care and treatment in a state hospital. After some continuances, defendant next appeared before the trial court on May 1, 1964, when the proceedings were as follows:

"THE COURT: People versus Harvath.

"MR. DAVIS: This matter was continued from last week, your Honor, the defendant having submitted a couple of letters to your Honor.

"THE COURT: Yes, sir.

"MR. DAVIS: It would appear that, according to the Superintendent of the hospital, Mr. Harvath did not make the type of adjustment that they would have liked to have had.

"THE COURT: There is nothing we can do but keep him at the Department of Mental Hygiene.

---

[3] Unless otherwise indicated, all subsequent references are to the Welfare and Institutions Code.

"Do you waive further arraignment for judgment and sentence?

"Mr. Davis: Yes, your Honor.

"The Court: Is there any legal cause why sentence should not now be pronounced?

"Mr. Davis: No legal cause, your Honor.

"The Court: The defendant appears to be a mentally distorted [sic] sex offender and he is, therefore, committed to the Department of Mental Hygiene for an indeterminate period.

"He will be taken by the Sheriff to the Reception and Guidance Center at the California Institute for Men at Chino, subject to the orders of the Department of Mental Hygiene." Again, no attempt was made to comply with the procedural requirements of section 5512.

■ It is settled that, without the procedure for notice, hearing, and the other procedural requirements of our code,[4] a commitment of an individual for an indeterminate sentence is unconstitutional as a denial of due process of law. (*Specht* v. *Patterson* (1967) 364 U.S. 605 [18 L.Ed.2d 326, 87 S.Ct. 1209]; *People* v. *Loignon* (1967) 250 Cal.App.2d 386 [58 Cal.Rptr. 866].) It follows that the order of May 1, 1964, is void and that defendant cannot lawfully be held in confinement under it.

■ For the same reasons, the orders of November 26, 1963, and of December 27, 1963, purporting to institute proceedings under section 5501, and committing defendant for observation were also void. Since such orders are a jurisdictional prerequisite to any further proceedings under the Mentally Disordered Sex Offender Act, the report of the superintendent had no legal effect.

The orders of November 26, 1963, of December 27, 1963, and of May 1, 1964, are vacated; the appeals are dismissed as moot. Let a writ of habeas corpus issue directing the return of defendant to the custody of the Sheriff of Los Angeles County to be held pending the institution and determination of proceedings conducted in compliance with section 5501 et seq. of the Welfare and Institutions Code.

Files, P. J., and Jefferson, J., concurred.

---

[4]For a discussion of the procedural steps required by the Mentally Disordered Sex Offender Act, see *People* v. *Fuller* (1964) 226 Cal.App.2d 331 [38 Cal.Rptr. 25].