[Crim. No. 14084. Second Dist., Div. Four. Dec. 21, 1967.]

In re FRANK F. KRAMER on Habeas Corpus.

Frank F. Kramer, in pro. per., for Petitioner.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Jack K. Weber and Robert F. Katz, Deputy Attorneys General, for Respondent.

FILES, P. J.—On or about April 14, 1965, in the Superior Court for the City and County of San Francisco, petitioner was convicted upon his plea of guilty of a violation of Penal Code section 288 (lewd or lascivious acts upon the body of a child under 14). The court suspended proceedings and appointed two psychiatrists to examine petitioner and report as to whether he was a mentally disordered sex offender under Welfare and Institutions Code section 5501.

On April 28, 1965, petitioner and his attorney were before the court. At that time counsel for both sides offered to submit on the doctors' reports which, according to the comments of the trial judge, had expressed the opinion that petitioner was a mentally disordered sex offender. The court thereupon made an order placing petitioner in Atascadero State Hospital for 90 days of observation. On July 28, 1965, the court adjudged petitioner to be a mentally disordered sex offender and committed him ''in compliance with Sections 5512 and 5518 of the Welfare and Institutions Code'' to the Department of Mental Hygiene for an indeterminate period and sent him to the institution of the Department of Corrections located at Vacaville.

No reporter's transcript for July 28 has been supplied. The superior court's order simply recites that petitioner and counsel were present, and the court made its decision.

Petitioner did not appeal from the order of commitment.

Petitioner has since been transferred to the California Men's Colony, West Facility, Los Padres, California, which is within this appellate district.

The petition filed here alleges that petitioner is illegally confined in that the superior court failed to conduct the proceedings required by the Welfare and Institutions Code. The facts set forth in the petition, together with the additional facts alleged or admitted by the respondent, show that the proceedings were defective in the following respects:

(1) No certification was made, as is required by section 5501.5.

(2) No form of certification was delivered to petitioner, as is required by section 5501.

(3) The judge failed to inform petitioner of his rights to make a reply and to produce witnesses, as the judge is required to do under section 5503.

(4) No hearing worthy of the name was held prior to the April 28 order or the July 28 order.

The complete failure to prepare and to deliver to petitioner the necessary certification, and the court's failure to advise him of his rights as the code requires, taken together, constitute a denial of procedural due process, and require that the commitment be set aside. (*People* v. *Harvath,* 251 Cal.App.2d 780 [60 Cal.Rptr. 15]; *People* v. *Loignon,* 250 Cal.App.2d 386 [58 Cal.Rptr. 866]; cf. *In re Jones,* 61 Cal.2d 325 [38 Cal.Rptr. 509, 392 P.2d 269]; *In re Raner,* 59 Cal.2d 635 [30 Cal.Rptr. 814, 381 P.2d 638].)

*In re Raner, supra,* was a habeas corpus proceeding in which a commitment for narcotics addiction was set aside because of failure to follow the statutory procedure. There is a ''close analogy between sexual psychopathy statutes and those . . . relating to commitment for narcotic addiction.'' (*People* v. *Succop,* 65 Cal.2d 483, 488 [55 Cal.Rptr. 397, 421 P.2d 405].) The *Raner* opinion states regarding the narcotic commitment procedure (59 Cal.2d at p. 639): ''Being a creature of statute, jurisdiction to enter an order of commitment pursuant thereto depends on *strict compliance with each of the specific statutory prerequisites for maintenance of the proceeding.*'' (Italics in the original.)

Contrary to the contention of the Attorney General, the absence of the certification cannot be regarded as a mere

irregularity of form. The mentally disordered sex offender law provides for a separate proceeding of a civil nature. (*Thurmond* v. *Superior Court,* 49 Cal.2d 17, 20 [314 P.2d 6].) The papers required by the statute are in the nature of pleadings and process in the new proceeding. These documents give the offender notice of the nature of the charge and the alleged facts upon which it is based. Failure to prepare and serve these required papers cannot be excused by the supposition that the offender already knows what the case is about.

 Respondent contends that the defects here complained of could have been raised by direct appeal, as in *Loignon,* and that habeas corpus is therefore not an appropriate remedy. Respondent also points out that petitioner had counsel in the superior court, and argues that petitioner's failure to object, together with his failure to appeal from the order of commitment, should bar relief by habeas corpus now.

With respect to the availability of habeas corpus, it is sufficient to note that the Supreme Court has used that remedy to vacate the analogous narcotic addiction commitments. (*In re Jones, supra,* 61 Cal.2d 325; *In re Raner, supra,* 59 Cal.2d 635.) The procedural defects in the case at bench are no less significant than those in the narcotics cases.

In *People* v. *Harvath, supra,* a mentally disordered sex offender case, this court had before it direct appeals, not from the commitment order, but from orders denying post-commitment relief. By stipulation, all of the documents filed were treated as a petition for habeas corpus. The court said, ''By reason of that stipulation, we need not and do not determine whether or not either of the orders was appealable.'' (251 Cal.App.2d at p. 781, fn. 1.) The court considered the pendency of the purported appeals to be immaterial because it was of the opinion that relief by habeas corpus was available.

 In the case at bench the facts will not support any theory of waiver. It is true that, under some circumstances, the statutory procedural requirements may be waived. (*In re Cruz,* 62 Cal.2d 307 [42 Cal.Rptr. 220, 398 P.2d 412].) But no waiver can be implied where the petitioner was never given the minimum notice and advice which the statute requires.

On April 28 and, apparently, also on July 28, 1965, petitioner's attorney consented to submit the matter upon the medical reports. These reports presumably recommended commitment. Petitioner was present but said nothing. A similar procedure was followed in *Jones.* The Supreme Court said (61

Cal.2d at p. 330): "Nor did the conduct of petitioner's counsel constitute a waiver of such procedures. Here counsel made no defense. His only act, the stipulation, was apparently aimed at satisfying supposed jurisdictional requirements for commitment. If this conduct was waiver, it was total, tantamount to a plea of 'guilty.' Counsel cannot, either expressly or impliedly, make such a plea without the concurrence of his client. Public policy, announced by the Legislature, supports this conclusion."

Courts and attorneys must recognize that sex psychopathy proceedings may have consequences much more serious than the prison term prescribed in the Penal Code. If the court finds the person is a danger to others but will not benefit by treatment in a state hospital, the court may, in its discretion, commit him for placement in an institution under the jurisdiction of the Department of Corrections (i.e., a state prison), there to remain until he is no longer a danger to others. For a prisoner who has been officially declared to be both dangerous and not treatable, the prospects of proving a recovery are bleak. The practical effect of the civil commitment may be life imprisonment without possibility of parole. A decision to impose such a commitment should be arrived at only after proceedings which are appropriate to the gravity of the issue.

Petitioner is not entitled to his liberty. He stands convicted of a sex offense involving a child under 14 years of age. Proceedings to determine whether he is a mentally disordered sex offender are mandatory (Welf. & Inst. Code, § 5501, subd. (c)) unless petitioner is ineligible. (See Welf. & Inst. Code, § 5500.5; *People* v. *Foster,* 67 Cal.2d 604, 607 [63 Cal.Rptr. 288, 432 P.2d 976].) Petitioner's eligibility under section 5500.5 will depend upon facts not disclosed in the record before this court. That determination must therefore be made by the superior court upon remand. (See *People* v. *Garn,* 246 Cal.App.2d 482 [54 Cal.Rptr. 867]; cf. *In re Jones,* 61 Cal.2d 325, 331, fn. 8 [38 Cal.Rptr. 509, 392 P.2d 269].)

The order of April 28, 1965, and the order of July 28, 1965, adjudging petitioner to be a mentally disordered sex offender are hereby vacated.

It is ordered that a writ of habeas corpus issue, requiring that petitioner be remanded to the Superior Court of the City and County of San Francisco for the commencement of proceedings to determine whether he is a mentally disordered sex

offender, in accordance with Welfare and Institutions Code section 5500 et seq., or, if petitioner is legally ineligible for such civil proceedings, for arraignment for judgment in the criminal case.

Jefferson, J., and McCoy, J. pro tem.,* concurred.

Respondent's petition for a hearing by the Supreme Court was denied February 14, 1968. Mosk, J., was of the opinion that the petition should be granted.