[Crim. No. 13193.   Second Dist., Div. Four.   Jan. 16, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT JAMES McDONALD, Defendant and Appellant.

Olive Starkweather, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Lawrence E. Mindell and Michael

Smolen, Deputy Attorneys General, for Plaintiff and Respondent.

KINGSLEY, J.—Defendant was charged with three counts of indecent exposure, in violation of subdivision 1, of section 314 of the Penal Code. A prior conviction of violation of the same section was also charged. Defendant admitted the prior, but pled not guilty to the three offenses herein involved. After a trial by jury, he was found guilty as charged. ■ The criminal proceedings were suspended and, after the receipt of medical reports, he was committed to Atascadero State Hospital for observation, purportedly under section 5512 of the Welfare and Institutions Code.[1] Nothing in the record[2] shows that any attempt was made to comply with the procedural requirements of sections 5501 through 5509 of the Welfare and Institutions Code. No formal notice of hearing was given, he was not advised by the judge of his rights to make a reply and to produce witnesses (Welf. & Inst. Code, § 5503), the court-appointed psychiatrists did not testify (Welf. & Inst. Code, §§ 5503 and 5506), and defendant was not afforded any opportunity to produce evidence on his own behalf. (Welf. & Inst. Code, §§ 5503 and 5508.) The proceedings were, thus, lacking in due process and void. (*Specht* v. *Patterson* (1967) 386 U.S. 605 [18 L.Ed.2d 326, 87 S.Ct. 1209]; *People* v. *Succop* (1967) 67 Cal.2d 785 [63 Cal.Rptr. 569, 433 P.2d 569].)

■ It is true that defendant was in court, and represented by counsel. But there was no express waiver by anyone of the constitutionally required procedural safeguards, much less any waiver by defendant himself. Mere failure to object is not here an equivalent of a knowing and intelligent waiver. (*In re Jones* (1964) 61 Cal.2d 325 [38 Cal.Rptr. 509, 392 P.2d 269]; *In re Kramer* (1967) *ante*, p. 287 [64 Cal.Rptr. 686].)

■ After defendant had been under observation at Atas-

[1] In addition to the other procedural errors discussed in the text, the order of commitment, and the trial court's oral finding, were in terms that defendant *was* a mentally disordered sex offender, instead of the statutory term, that he was a *probable* mentally disordered sex offender. Since the commitment order must be vacated in its entirety, no correction of the wording of that order is now involved.

[2] Since the clerk's transcript as originally certified to us was obviously incomplete, we have augmented the record by an examination of the original superior court file.

cadero for a 90-day period, the superintendent reported to the trial court, purportedly pursuant to section 5512 of the Welfare and Institutions Code, that he was a mentally disordered sex offender who would benefit by treatment in the state hospital. Without bringing defendant back from the hospital for a hearing, the trial court thereupon made its order, finding that defendant was a mentally disordered sex offender, and that he would benefit by care and treatment in the state hospital, and formally committing him to Atascadero for an indefinite period, purportedly in accordance with the fifth paragraph of section 5512 of the Welfare and Institutions Code. We find no defect in these proceedings, judged by themselves, but, of course, they were without legal effect because they were not preceded by the steps required at an earlier stage to give the defendant notice and advice of his legal rights.

The statute (Welf. & Inst. Code, § 5512), provides that ". . . a copy of such commitment for an indefinite period shall be personally served upon said person within five days after the making of such order and such person may within 10 days demand a hearing in court . . ." The order was made on March 17, 1966; admittedly no notice of that order was given to defendant until March 28, 1966—six days beyond the statutory limit. On April 3, 1966, there was mailed from Atascadero a document addressed to the trial court, and received by it on April 3, 1966, entitled a "Notice of Appeal," wherein defendant complained of the commitment on the ground that he had had no notice and that he had had no opportunity to present his case. Although that document clearly was sufficient to constitute a demand for a hearing within the requirement of the fifth paragraph of section 5512, the clerk of the trial court treated it as an attempt to appeal to this court from the order of commitment and refused to file it as being beyond the 10-day limit for such an appeal.[3] Although the superior court file contains several subsequent documents by the defendant, each attempting to secure a hearing, they were all disregarded and no hearing as contemplated by the fifth paragraph of section 5512 has ever been held. Since, as indicated, we must vacate the indefinite commitment because not supported by a prior valid proceeding,

[3]Even had the notice actually been an attempt to appeal from the commitment order, the clerk was in error in rejecting it, since appeals from orders for an indefinite commitment are civil appeals with a 60-day time limit. (*People* v. *Gross* (1955) 44 Cal.2d 859 [285 P.2d 630].)

we need not here decide how far this total failure to afford defendant his statutory and constitutional rights would, itself, have affected the validity of the already entered commitment order.

On August 10, 1966, there was executed a report from the superintendent of the state hospital, purportedly pursuant to subdivision (b) of section 5517, certifying that defendant ''has reached maximum hospital benefit. He has had a trial of therapy at this hospital and has continued to be not amenable to treatment in a hospital setting. He remains a danger to society. He should be returned to the criminal court for action.'' Pursuant to that report, and purportedly pursuant to section 5518, the criminal proceedings were resumed, probation was denied, and defendant was sentenced to state prison on all three counts, the sentences to run concurrently with each other.

Although these last proceedings, if considered solely by themselves, appear to have complied with the requirements of section 5518, obviously they, like the proceedings which had preceded them, suffer from the denial of due process of law both in the original order committing defendant from observation and in denying him a hearing after the order for indefinite commitment. ▆ In addition, as pointed out in *People* v. *Succop* (1967) *supra*, 67 Cal.2d 785, 790, the existence of the void findings that defendant was a mentally disordered sex offender may have affected the trial court's decision to deny probation and might affect future action by the Adult Authority. The judgment as entered must be set aside.

It is also argued here that there was error in the original criminal trial, in the admission of evidence of acts of public indecency in addition to the three expressly charged in the information. Tested by the rules laid down in *People* v. *Cramer* (1967) 67 Cal.2d 126 [60 Cal.Rptr. 230, 429 P.2d 582], the evidence was properly admitted. We can see no reversible error in the criminal trial itself.

The order of December 1, 1965, committing defendant to Atascadero State Hospital for observation, and the order of March 17, 1966, committing defendant to Atascadero State Hospital for an indefinite period, are each vacated. The judgment of conviction is reversed insofar as it commits defendant directly to imprisonment in a state prison; the order denying probation is vacated; otherwise the judgment is affirmed. The

defendant is ordered returned to the superior court for the purpose of instituting new and validly conducted proceedings under the provisions of sections 5511.7 and 5512 of the Welfare and Institutions Code.

Files, P. J., and Jefferson, J., concurred.