260 Cal.App.2d 196 (1968)
THE PEOPLE, Plaintiff and Respondent,
v.
JOHN R. THOMAS, Defendant and Appellant.
Crim. No. 2904. 
California Court of Appeals. Fourth Dist., Div. One. 
Mar. 18, 1968.
 Peter Clarke, under appointment by the Court of Appeal, for Defendant and Appellant.
 Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and William V. Ballough, Deputy Attorney General, for Plaintiff and Respondent.
 WHELAN, J.
 Defendant appeals from an order made April 18, 1967, recommitting him, after a trial under section 5519, Welfare and Institutions Code, as a mentally disordered sex offender not amenable to hospital treatment who is still a danger to the health and safety of others.
 On September 21, 1960, defendant was found guilty by a jury of three violations of section 288, Penal Code, involving three different children.
 On the same date, he was certified for examination for determination of the question whether he was a sexual psychopath; the order of certification appointed two psychiatrists to examine defendant and fixed October 11, 1960 for the hearing of the matter.
 On October 11, 1960, an order was made finding defendant to be a sexual psychopath and committing him to the Atascadero State Hospital for 90 days for observation and diagnosis. *198
 The transcript of the oral proceedings on October 11, 1960 shows that the two psychiatrists were sworn but did not testify. The record of the entire hearing is as follows:
 "The Court Clerk: You do solemnly swear that the evidence you shall give in the matters now pending before this Court shall be the truth, the whole truth, and nothing but the truth, so help you God?"
 "Dr. C. E. Lengyel: I do."
 "Dr. W. G. Wieand: I do."
 "Dr. G. C. Aden: I do."
 "Dr. J. B. Wong: I do."
 "(Cases No. 1 and 2.)"
 "The Bailiff: John R. Thomas."
 "The Court: Good morning, Ed."
 "Mr. Langford: Good morning."
 "The Court: From the report, our doctors indicate that Mr. Thomas should be hospitalized at Atascadero for the ninety-day observation period."
 "Mr. Langford: (Nodding in the affirmative.)"
 "The Court: So, such being the recommendation of the doctors, I think it is advisable, and I agree with them."
 "Mr. Langford: All right, sir."
 "The Court: He will be transported tomorrow. He will remain here at the hospital until transported by the Sheriff's office. And, here is a copy of the order for your information (handing)."
 On November 28, 1960, the superintendent of the state hospital issued his certificate that defendant could benefit by treatment in a state hospital. On the basis of that certificate an order was made on December 5, 1960, committing defendant for placement in the state hospital for an indeterminate period, which order was served on defendant on December 9, 1960, defendant acknowledging receipt in writing.
 On January 3, 1963, the superintendent of the state hospital reported that defendant had made no progress, was not amenable to hospital treatment, and remained a menace to society.
 On January 18, 1963, defendant appeared before the civil side of the trial court, where an order was made that defendant be returned to the criminal department for further proceedings on the criminal charges.
 On January 24, 1963, defendant, with counsel, appeared in the criminal department, where the judge, after reading certain reports, stated he recertified defendant for a determination *199 under section 5518, Welfare and Institutions Code. Without further hearing the judge then made an order committing defendant to the Department of Mental Hygiene for placement for an indeterminate period under section 5518, Welfare and Institutions Code.
 Defendant having requested a hearing under section 5519, Welfare and Institutions Code, an order was made on March 1, 1967 that he be returned for further proceedings under that section, resulting in the order from which this appeal was taken after a hearing in which a clinical psychologist and three medical doctors, qualified in the field of psychiatry, testified, one as defendant's witness.
 Contentions on Appeal
 Defendant makes the following claims:
 1. Noncompliance with statutory requirements in the original commitment are jurisdictional in nature and should be considered in this appeal.
 2. Noncompliance with due process requirements in the original commitment are jurisdictional in nature and should be considered in this appeal.
 3. Determination that appellant is nonamenable to treatment requires that he be returned to the court for sentence on the criminal charge, where that charge carries a sentence of one year to life.
 4. Incarceration in a place other than a hospital or other treatment facility under a civil commitment without sentence on a criminal charge is cruel and inhuman punishment prohibited by the Eighth Amendment to the United States Constitution.
 The clerk's transcript does not disclose all the procedural steps that we have listed, which are discoverable from the superior court file in the office of the clerk of that court.
 The Original Commitment for a 90-Day Period of Observation and Diagnosis
 [1] A fatal flaw appears in the hearing of October 11, 1960, as the rules governing such hearing have been interpreted in recent rulings. (People v. Succop, 67 Cal.2d 785 [63 Cal.Rptr. 569, 433 P.2d 473]; People v. McDonald 257 Cal.App.2d 846 [65 Cal.Rptr. 530]; People v. Berry, 257 Cal.App.2d 731 [65 Cal.Rptr. 125]; In re Kramer, 257 Cal.App.2d 287 [64 Cal.Rptr. 686]; People v. Harvath, 251 Cal.App.2d 780 [60 Cal.Rptr. 15]; People v. Loignon, 250 Cal.App.2d 386 [58 Cal.Rptr. 866].) *200
 The proceedings of January 24, 1963, when an order was first made committing defendant to the Department of Mental Hygiene for placement with the Director of Corrections, likewise were deficient. The order of commitment was not made after a hearing following the recertification by the criminal department; such hearing is required by section 5518, Welfare and Institutions Code. It is logical that it should be so. The recertification may be made only if the judge in the criminal department is satisfied that "the person has not recovered from his mental disorder and is still a danger to the health and safety of others." The mental satisfaction that permits recertification does not, in the absence of express stipulation, take the place of a hearing as the basis for the finding that permits commitment under section 5518.
 In an elaborate consideration of the question, the court, in People v. Bennett, 245 Cal.App.2d 10 [53 Cal.Rptr. 579], concluded that the hearing called for in section 5518 did not require the appointment of psychiatrists, as under section 5519. However, some opportunity to call witnesses and make possible preparation for a hearing should be allowed following the recertification by the criminal court. Obviously, until that court has decided to make a recertification under section 5518, the defendant cannot know whether he should prepare for the hearing under that section.
 It is contended by the People that attacks upon the regularity of the proceedings leading up to the order of October 11, 1960 could be made only on appeal from the order of December 5, 1960, committing defendant for placement in the state hospital, from which no appeal was taken; or on a petition for writ of habeas corpus; and that attack upon the order of January 24, 1963 could be made only on appeal from that order.
 The decisions in People v. Harvath, supra, 251 Cal.App.2d 780, and In re Kramer, supra, 257 Cal.App.2d 287, were on petitions for writs of habeas corpus, although in Harvath the appellate court proceedings were in form appeals that by stipulation were treated as petitions for writ of habeas corpus.
 People v. Succop, supra, 67 Cal.2d 785, was an appeal from a judgment imposing a prison sentence after the defendant had been returned to the criminal court following the 90-day period of observation with a certificate that he was not amenable to hospital treatment and continued to be a sexual psychopath who was a danger to the health and safety of others. *201
 In People v. Berry, supra, 257 Cal.App.2d 731, the defendant was sentenced to imprisonment but only after he had been ordered committed to the Department of Mental Hygiene under section 5518, Welfare and Institutions Code, some 14 months before the imposition of sentence. There had not been an appeal from any of the earlier orders.
 [2] All the last cited cases state that an order of commitment for the 90-day observation period is void if the prescribed procedural steps are not followed, including the giving of testimony by the psychiatrists. While that latter requirement may be waived, the waiver must be express and will not be implied. (People v. Berry, supra, 257 Cal.App.2d 731, 737.)
 By stipulation, a section 5518 hearing also may be submitted on a written report. (People v. Browning, 224 Cal.App.2d 35 [36 Cal.Rptr. 174].)
 An order void for lack of jurisdictional requirements may be attacked at any stage of a proceeding; the validity of all orders subsequent to the order of commitment for observation and diagnosis depends upon the court's jurisdiction to make that order; the lack of that jurisdiction makes the order now appealed from vulnerable to attack upon jurisdictional grounds in this appeal.
 Defendant's other contentions have been decided adversely to his position in other cases.
 The order of December 5, 1960, for commitment to a state hospital for an indeterminate period, did not require a prior formal hearing and could be made in defendant's absence. Defendant had a right to ask for such a formal hearing within 10 days after service of a copy of the order, but did not do so. (People v. McDonald, supra, 257 Cal.App.2d 846, 849.)
 A defendant, upon return to the trial court during the 90-day observation period as unamenable to hospital treatment, is not entitled to a further hearing as to the propriety of committing him to a state hospital for treatment. (People v. Elliott, 158 Cal.App.2d 623 [322 P.2d 1029].)
 The same is true upon the return of a defendant under section 5518, Welfare and Institutions Code. (People v. Bachman, 130 Cal.App.2d 445, 451 [279 P.2d 77]; People v. Schaletzke, 239 Cal.App.2d 881, 887 [49 Cal.Rptr. 257].)
 There is no statutory authority for such a commitment to a state hospital after a report under section 5517, subdivision (b), Welfare and Institutions Code. (People v. Berry, supra, 257 Cal.App.2d 731, 738.) *202
 [3] Confinement indefinitely in a facility located in a prison after a determination that a mentally disordered sex offender will not benefit from further hospital treatment is a drastic form of confinement. (People v. Bennett, supra, 245 Cal.App.2d 10, 28.)
 However, the provisions of the Welfare and Institutions Code for certification and commitment of a mentally disordered sex offender who is not amenable to hospital treatment and who remains a danger to the health and safety of others do not impose a cruel and unusual punishment and do not offend against constitutional guarantees of due process and equal protection. (People v. Levy, 151 Cal.App.2d 460 [311 P.2d 897]; People v. Rancier, 240 Cal.App.2d 579 [49 Cal.Rptr. 876].)
 The order of April 18, 1967 is vacated; the orders of October 11, 1960, December 5, 1960, and January 24, 1963, are vacated; the matter is remanded to the superior court for such further necessary proceedings under sections 5500 through 5512, Welfare and Institutions Code, as are consistent with the views expressed herein.
 Brown (Gerald), P. J., and Coughlin, J., concurred.