[Crim. No. 16168.   Second Dist., Div. Five.   Aug. 13, 1969.]

In re ROGER S. BROWN on Habeas Corpus.

Roger S. Brown, in pro. per., for Petitioner.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Frederick R. Millar, Jr., Deputy Attorney General, for Respondent.

REPPY, J.—Roger S. Brown (hereinafter, petitioner) has filed with this court a "Petition of Writ of Habeas Corpus" to test the constitutional validity of his commitment by the Superior Court of Orange County to the Department of Mental Hygiene with placement in an institution of the Department of Corrections for an indefinite[1] period as a mentally disordered sex offender after a 90-day observation period at Atascadero State Hospital.[2] (§ 5512, Welf. & Inst. Code in effect at time of proceedings; now superseded by § 6316 of that code.)[3] Habeas corpus is a proper procedural vehicle for this purpose. (*In re Bevill*, 68 Cal.2d 854, 858 [69 Cal.Rptr. 599, 442 P.2d 679]; *In re Stoneham*, 232 Cal.App.2d 337 [42 Cal. Rptr. 741].)

Among a number of stated complaints, petitioner contends that he was not afforded the opportunity of being represented by his lawyer or of making and having heard an application for probation at the resumption of criminal proceedings in the Municipal Court of Santa Ana, Orange County, upon remand from the department of the superior court which had place him at Atascadero State Hospital for a

[1]In this part of section 5512, Welfare and Institutions Code (fourth unnumbered paragraph), in reference to the commitment, the word "indefinite" is used. In all other parts of the article on mentally disordered sex offenders the word "indeterminate" is used. So, hereafter we will use that word.

[2]In May 1968 petitioner filed a prior petition for writ of habeas corpus with this court which division 2 denied without opinion. (2d Crim. 14956.) He did not raise the major point of the present petition with which we deal (absence of counsel at resumption of criminal proceedings in municipal court). We do not feel that the failure of petitioner to include this point in the prior petition precludes him from now presenting it.

[3]All section references will be to the Welfare and Institutions Code. Sections effective at the time of the procedures in the instant case will be given first, followed by superseding sections.

90-day observation period. He asserts that this was a denial of due process. We agree.

The facts related to this issue are as follows:

Petitioner pleaded guilty in the Municipal Court of Santa Ana, Orange County, to the misdemeanor offense of molesting a 14-year old boy (then Pen. Code, § 647a, subd. (1)).[4] The municipal court adjourned criminal proceedings and certified petitioner to the superior court for mentally disordered sex offender proceedings (§ 5501 [6302]). Petitioner was represented by attorney James Walker at the time of plea and certification to the superior court and at the time of the original mentally disordered sex offender hearing. At the latter hearing it appeared to the judge that there was sufficient cause to believe that petitioner was a mentally disordered sex offender, and he made an order placing petitioner temporarily in the state hospital at Atascadero for observation and diagnosis for a period not to exceed 90 days (§ 5512 [6316]).

Within the 90 days the superintendent at Atascadero State Hospital issued a full report expressing his opinion that petitioner was a mentally disordered sex offender but would not benefit by care or treatment in a state hospital and was a danger to the health and safety of others. He recommended that if petitioner had been found guilty of a misdemeanor (which he had) he should be committed to the Department of Mental Hygiene for an indeterminate period and should be sent to the Reception and Guidance Center, California Institution for Men at Chino (§ 5512 [6316] and § 5518 [6326]). Accordingly, petitioner, by court order, was brought back to the placing court which terminated its mentally disordered sex offender proceedings and remanded petitioner back to municipal court.[5] At the time of remand by the placing court, petitioner's attorney was not present.

Petitioner appeared in municipal court without counsel on September 2, 1965. The judge took no step to have petitioner's attorney, Mr. Walker, present and did not advise the petitioner of any right to have counsel present at that point

---

[4]In 1967 subdivision 2 was deleted eliminating necessity of a paragraph 1 designation.

[5]The formal order of remand erroneously recited that the placing court had considered the superintendent's report and received other evidence as if a hearing had been held. However, there is no provision for a hearing at this point. Section 5512 simply provides that the placing court shall cause the person to be returned to the court in which the criminal charge was tried. Petitioner unavailingly makes the contention that a hearing should have been conducted, perhaps having been misled by the inaccurate recital in the remand order.

in the procedure. The record indicates that at that time the municipal court had received two medical reports (presumably from Atascadero State Hospital). The judge did not set up or conduct a probation/sentence hearing. Rather, apparently on the basis of an examination of the medical reports, he again suspended criminal proceedings and recertified petitioner to the superior court for a renewal of mentally disordered sex offender proceedings. (§ 5512 [6316].)

Petitioner then appeared in superior court with his attorney, Mr. Walker, who waived further commitment proceedings, the presence of the psychiatrists, and stipulated that the court could make its determination on the basis of the medical reports. On September 30, 1965, the court found that petitioner was a mentally disordered sex offender but would not benefit by care or treatment in a state hospital and was a danger to the health and safety of others, adjudged that petitioner be committed to the Department of Mental Hygiene and ordered the sheriff to deliver him to "the Department of Mental Hygiene at Chino, California, for an indeterminate period." Nothing in the record indicates that at any time during this procedure in the superior court did petitioner object to the proceeding on the basis that he had not received due process in the session in municipal court which resulted in his recertification.

In connection with petitioner's contention that he was denied due process, it is noted that at the time petitioner was before the municipal court without his attorney, that court had *resumed criminal proceedings.* Thus, the traditional right to counsel attendant to criminal actions was applicable. (Witkin, Cal. Criminal Procedure (1963) § 356, pp. 347, 348.) ■ It is also true, of course, that the right to counsel pertains to mentally disordered sex offender proceedings. (§ 5511 [6314] ; *Specht v. Patterson,* 386 U.S. 605, 610 [18 L.Ed.2d 326, 330, 87 S.Ct. 1209]—"Due process . . . requires that . . . [defendant] be present with counsel. . . .") ■ Moreover, the municipal court[6] at this point is given an important

---

[6]This opinion deals with the situation wherein the municipal court is the court in which the criminal conviction took place and which suspended and then resumed criminal proceedings. The same problems would exist if a misdemeanor conviction occurred in the superior court as by a plea to a lesser offense included in a felony charge.

This opinion also deals with the situation wherein a defendant has not yet been committed as a mentally disordered sex offender but has come back from a 90-day observation period with a medical finding of untreatable mentally disordered sex offender dangerous to others. However, a very similar situation is presented when a defendant committed to a state hospital for an indeterminate period is certified by the super-

discretion to exercise. Section 5512 [6316] provides that when an untreatable mentally disordered sex offender dangerous to others is returned to the court in which the criminal charge was tried, that court "shall resume the proceedings and shall impose sentence or make such other suitable disposition of the case as the court deems necessary" (this latter alternative would include, we feel, a grant of probation). The section then provides that if "such court is satisfied that the person is a mentally disordered sex offender but would not benefit by care . . . in a state hospital and is a danger to the . . . safety of others, it *may* recertify the person to the superior court. . . ." (Italics added.) There further proceedings would take place which could lead to an indeterminate commitment.

Thus, three major alternatives are open to the municipal court: sentencing, granting probation, or recertifying to the superior court for further mentally disordered sex offender proceedings. (See *People* v. *Resendez,* 260 Cal.App.2d 1, 12 [66 Cal.Rptr. 818]—where the Court of Appeal referred to the holding of a probation/sentence hearing by the trial court resuming criminal proceedings as conceding defendant the benefit of every precaution; see also *People* v. *Fuller,* 226 Cal.App.2d 331, 334-335 [38 Cal.Rptr. 25] and *In re Bevill, supra,* 68 Cal.2d 854, 861.) A choice of the third alternative could have the most drastic result for the involved person. If indeterminate commitment to the Department of Mental Hygiene with placement in an institution of the Department of Corrections should follow, the statutory provision is that he "shall remain in such institution . . . until he is no longer a danger to the health and safety of others." (§ 5512 [6316].) There is no fixed term as would be attached to the sentencing of a defendant for conviction of the misdemeanor, nor set period of time as would be provided in a grant of probation. (*People* v. *Bennett,* 245 Cal.App.2d 10, 28 [53 Cal.Rptr. 579] ; *In re Kramer,* 257 Cal.App.2d 287, 291 [64 Cal.Rptr. 686] ; *People* v. *Berry,* 257 Cal.App.2d 731, 737 [65 Cal.Rptr. 125] ; *People* v. *Armstrong,* 260 Cal.App.2d 190, 193 [67 Cal.Rptr. 73].) The court is under no duty to commit a mentally disordered sex offender for an indefinite period with placement in a facility of the Department of Corrections because he is

intendent not to have recovered and to be still dangerous to others and is therefore ordered returned to the committing court for remand to the court in which criminal charges were tried to await further action there. (§§ 5517b and 5518 [§§ 6325b and 6326].)

not amenable to hospital treatment. (*People* v. *Resendez, supra,* 260 Cal.App.2d 1, 12; *People* v. *Schaletzke,* 239 Cal. App.2d 881, 886 [49 Cal.Rptr. 275]; *People* v. *Elliott,* 158 Cal.App.2d 623, 629 [322 P.2d 1029].)

In light of the statutory provisions for these alternative judicial dispositions and particularly in light of the feature that recertification to the superior court for further mentally disordered sex offender proceedings is not mandatory but discretionary even when the court is satisfied that a defendant is an untreatable mentally disordered sex offender dangerous to others, it is obvious that a defendant should have the benefit of counsel to make certain that the court gives proper consideration to each of the alternatives and to assist such defendant in presenting material to the court so that it will be fully advised as to factors supportive of the selection of an alternative desired by such defendant (but still, of course, protective of society). At the time when a defendant appears before the municipal court upon remand from the placing superior court after a 90-day observation, when the record reflects that such defendant had counsel at the time of conviction and original certification, the judge should see to it that the attorney is present for the resumption of those proceedings and should set the matter for hearing so as to accommodate such presence.

The attorney general argues that the resumption of criminal proceedings by the municipal court was not a critical stage (and thus the presence of counsel was not constitutionally required) because "it seems obvious that the court would have followed the recommendation of the superintendent,[7] whether or not counsel was present." Concededly, such a recommendation would have persuasive effect; but it is not inconceivable that a defendant could present evidence and argument which would satisfy the court that sentencing or, particularly, granting probation with strong protective conditions would be an appropriate disposition.[8] In *People* v. *Succop,* 67 Cal.2d 785 [63 Cal.Rptr. 569, 433 P.2d 473] (a case wherein the judge entertaining the original certification

---

[7]Commitment to the Department of Mental Hygiene for an indeterminate period and transmission to the reception center at Chino as allowed by sections 5512 and 5518 [6316 and 6326].

[8]For instance, the hearing judge might accept the proposition asserted by the superintendent that the defendant was an untreatable mentally disordered sex offender, but find, on adduced evidence, that he would not be a danger to others if placed on probation with strict controls and a therapy program or private, voluntary commitment for a reasonable period.

for mentally disordered sex offender proceedings failed to afford the defendant the unwaived opportunity to cross-examine the reporting psychiatrists, who had represented that the defendant was a possible sexual psychopath, and to present evidence) the Supreme Court observed: ". . . had defendant been given an opportunity to cross-examine the court-appointed psychiatrists and to produce evidence in his own behalf, the trial court conceivably might have found that there was not probable cause for believing him to be a mentally disordered sex offender." (P. 790.) In the instant case, the recommendations of the two psychiatrists submitting reports for the mentally disordered sex offender hearing which followed recertification are worthy of note. Dr. W. S. Musfelt recommended that if the court decided not to make an indeterminate commitment, "consideration be given to granting . . . [petitioner] formal probation with a term of same that he absolutely refrain from the use of alcohol and secure psychotherapy." Dr. K. H. Turtunjian recommended that the "punitive angle of . . . treatment . . . [would be] in order . . . to drive the fact . . . [home] to . . . [petitioner] that he cannot molest young boys . . ."; that a period of time "in a correctional institution [to enable him] to think about the errors of his ways and reform his drinking habits might be of better benefit [than hospital treatment]"; that petitioner "ought to register as a mentally disordered sex offender . . . [,] seek psychiatric help, . . . attend Alcoholics Anonymous meetings, and . . . be placed on [a] long period of probation."

Further, the Attorney General intimates that petitioner waived a more extensive proceeding in municipal court with legal representation by reason of the fact that at the further mentally disordered sex offender proceedings petitioner's attorney was present, raised no objection to the hearing on the ground that the recertification was invalid because of lack of due process at the resumed criminal proceedings in municipal court, and acquiesced in the further mentally disordered sex offender proceedings to the extent of stipulating that they be had on the basis of the psychiatrists' reports and without presentation of evidence by petitioner. However, a right as fundamental as legal representation in a criminal proceeding wherein a result as crucial to a defendant's liberty as an indeterminate commitment is in the balance cannot be waived by failure to object, even when counsel is

544

present. (Cf. *People* v. *McDonald,* 257 Cal.App.2d 846, 848 [65 Cal.Rptr. 530].)

In ruling that the resumption of criminal proceedings in municipal court following a defendant's return from a 90-day mentally disordered sex offender observation in a state hospital is a critical stage at which counsel should be present and that the judge should give consideration to the statutory alternatives for disposition, which include grant of probation, we do not suggest how extensive a hearing the municipal court should conduct before exercising its discretion. That should be in the sound discretion of the municipal court. However, at least it should be such as to give the defendant involved a fair opportunity to present and argue his position through counsel or in person if he is acting in propria persona.

The order of the superior court of September 30, 1965, committing petitioner "to the Department of Mental Hygiene" and directing the sheriff to deliver petitioner "to the Department of Mental Hygiene at Chino, California, for an indeterminate period" is annulled; and the order of the municipal court of September 2, 1965 recertifying petitioner to superior court is annulled. However, he is not entitled to discharge. He is remanded to the Orange County Superior Court for remand to the Santa Ana Municipal Court, along with such documents as are appropriate, for further proceedings in conformity with law.

Stephens, Acting P. J., and Aiso, J., concurred.