[Crim. No. 11103.   In Bank.   Nov. 21, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. DONALD
MARKELL SUCCOP, Defendant and Appellant.

Donald Markell Succop, in pro. per., and Gilbert F. Nelson, under appointment by the Supreme Court, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Michael J. Smolen, Deputy Attorney General, for Plaintiff and Respondent.

BURKE, J.—An information was filed charging Donald Markell Succop with indecent exposure (Pen. Code, § 314, subd. 1) and alleging two prior convictions of the same offense. Defendant waived his right to counsel and represented himself at the trial. He admitted the priors and was found guilty by a jury of the offense charged. Following mentally disordered sex offender proceedings, which are discussed hereafter, defendant was sentenced to the state prison for the term prescribed by law. He appeals from the judgment of conviction, and counsel has been appointed to represent him on the appeal.

█ Two police officers and two neighbors of defendant testified that on the afternoon of March 27, 1965, he stood nude outside his home and moved his hand over his private parts in the presence of several children under 14 and two women. Both officers testified that, although defendant had been drinking, his speech and balance were normal. One officer further stated that defendant was not intoxicated; the other, that defendant was possibly intoxicated to a certain extent but "definitely not drunk."

The defense sought to establish that defendant was intoxicated at the time of the acts in question. Two witnesses testified to the effect that he drank a great deal. A woman, who was staying at his home on the day of his arrest, testified that off and on throughout the morning on that day she saw him drinking a lot of wine, that she objected to the noise children were making and defendant indicated that he would speak to them if they did not stop, and that defendant commonly went around nude inside the house.

The evidence manifestly is sufficient to support the conviction.

█ Defendant contends that the court erred in not instructing the jury that in prosecutions for sex offenses accusations are easy to make and difficult to disprove, and the testimony of complaining witnesses should be examined with caution. Such an instruction should have been given (*People v. Merriam*, 66 Cal.2d 390, 395 [58 Cal.Rptr. 1, 426 P.2d 161]), but the failure to give it was not prejudicial. The testimony of eyewitnesses at the scene is uncontradicted. There is substantial evidence he was not intoxicated. Appro-

priate instructions were given cautioning the jury against being influenced by passion or prejudice and requiring that it judge the case according to the evidence and the law as expounded by the court. (See *People* v. *Merriam, supra,* 66 Cal.2d at p. 396.) From a review of the record we are satisfied that it is improbable the jury would have rejected the testimony of the prosecuting witnesses had the instruction been given and that therefore the error did not result in a miscarriage of justice. (Cal. Const., art. VI, § 13; *People* v. *Merriam, supra,* at pp. 395-396.)

Additional contentions by defendant relating to the criminal proceedings are devoid of merit.

With respect to the mentally disordered sex offender proceedings, the record shows that after defendant was found guilty the trial court stated it appeared he might be a mentally disordered sex offender and appointed two psychiatrists to examine him. Subsequently the court stated that the court-appointed psychiatrists had reported defendant was a possible sexual psychopath and that the court was going to commit him to a state hospital for observation. Defendant said that he had sent the court a request for a subpoena of certain hospital records and thought he had a right to cross-examine the psychiatrists. The court replied that it was not holding a hearing. At this point the court adjudged defendant to be a probable mentally disordered sex offender and directed that he be confined at Atascadero State Hospital for observation and diagnosis for a period not to exceed 90 days.[1]

At the hospital defendant was found to be a mentally disordered sex offender not amenable to treatment and was returned to the superior court for further proceedings. Thereafter judgment was entered sentencing him to prison. The judgment further recites that "It appearing to the Court from

---

[1]Defendant appealed from this order, but we held that it was not an appealable order and dismissed the purported appeal. (*People* v. *Succop,* 65 Cal.2d 483 [55 Cal.Rptr. 397, 421 P.2d 405].) We noted in *Succop* (65 Cal.2d at pp. 484-485, fn. 1) that a conflict appeared on the face of the order in that the typewritten portion of the order states, "It appearing to the Courts from the reports of doctors heretofore appointed that the defendant is a *probable* mentally disordered sex offender" (italics added), whereas the printed portions of the order found, and purported to adjudge and decree, that defendant "*is* a mentally disordered sex offender within the meaning of Chapter 4 of Part I of Division VI of the Welfare and Institutions Code." (Italics added.) We stated that credence should be given to the typewritten portion of the order rather than to the printed recitals and that on the appeal from the judgment of conviction the matter should be resolved and the appellate court "can simply strike the offending surplusage." As we shall see, correction of the wording of the order is unnecessary since the order must be reversed.

the report of the Acting Superintendent of Atascadero State Hospital, that the defendant is a menace to the health and safety of others and will not benefit by treatment in a state hospital, probability denied.''

■ Section 5500 et seq. of the Welfare and Institutions Code establish special proceedings of a civil nature relating to mentally disordered sex offenders. (*Thurmond* v. *Superior Court,* 49 Cal.2d 17, 20 [314 P.2d 6]; *People* v. *Gross,* 44 Cal.2d 859, 860 [285 P.2d 630].) When a defendant is convicted of a crime and it appears to the court that there is probable cause for believing that the defendant is a mentally disordered sex offender, the court may adjourn the proceeding or suspend the sentence and certify the defendant for hearing and examination by the superior court to determine whether the defendant is such an offender. (Welf. & Inst. Code, § 5501, subd. (a).)[2] Such certification is mandatory in specified situations, including one where the defendant is convicted of ''a sex offense involving a child under 14 years of age'' and the offense is a felony. (Welf. & Inst. Code, § 5501, subds. (b), (c).)

■ Here it appears that the court did not comply with several of the statutory requirements at the proceedings resulting in defendant's temporary commitment. Nothing in the record shows that defendant was advised of his rights to make a reply and to produce witnesses. (See Welf. & Inst. Code, § 5503.) The court-appointed psychiatrists did not testify (see Welf. & Inst. Code, §§ 5505, 5506), and defendant was not afforded any opportunity to produce evidence in his own behalf (see Welf. & Inst. Code, §§ 5503, 5508). The parties did not stipulate that the question be submitted on the reports of the court-appointed psychiatrists and instead defendant made it clear that he desired a hearing. The procedure here followed did not satisfy due process. (Cf. *Specht* v. *Patterson,* 386 U.S. 605 [18 L.Ed.2d 326, 329, 87 S.Ct. 1209].)

■ The Attorney General argues that the matter is moot because the order committing defendant to Atascadero State

[2]The article relating to mentally disordered sex offenders is inapplicable to any person ineligible for probation and to any person sentenced to death or convicted of an offense the punishment for which may be death until after a sentence other than death is imposed. (Welf. & Inst. Code, § 5500.5.) It does not appear that defendant was ineligible for probation (see Pen. Code, § 1203), and obviously he did not come within the other categories of persons specified in section 5500.5.

Hospital for a temporary period assertedly no longer has any legal significance since defendant is not now confined there. However, had defendant been given an opportunity to cross-examine the court-appointed psychiatrists and to produce evidence in his own behalf, the trial court conceivably might have found that there was not probable cause for believing him to be a mentally disordered sex offender. Such a finding would be relevant to the question whether probation should be granted and to the matter of parole if a prison sentence was imposed. Furthermore, defendant is entitled to the opportunity to clear his name of the adjudication that he is a probable mentally disordered sex offender. (Cf. *In re Byrnes,* 26 Cal.2d 824, 827-828 [161 P.2d 376], and *People* v. *Chamness,* 109 Cal.App.Supp. 778, 779-781 [288 P. 20].)

The denial of an opportunity to be heard constituted a deprival of a substantial right and is not the type of error encompassed by section 13, article VI, of the California Constitution. (Cf. *Spector* v. *Superior Court,* 55 Cal.2d 839, 843-844 [13 Cal.Rptr. 189, 361 P.2d 909] ; *People* v. *Sarazzawski,* 27 Cal.2d 7, 18 [161 P.2d 934].)

The order committing defendant to Atascadero State Hospital for a period not to exceed 90 days and the order denying probation are vacated. The judgment of conviction is reversed insofar as it commits defendant directly to imprisonment in a state prison and is otherwise affirmed. The defendant is ordered returned to the superior court for a hearing to determine whether there is sufficient cause to believe him to be a mentally disordered sex offender and for such further proceedings as the trial court deems proper under Welfare and Institutions Code sections 5511.7 and 5512.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Sullivan, J., concurred.

Appellant's petition for a rehearing was denied December 20, 1967.