[Crim. No. 3531.   Fourth Dist., Div. One.   Mar. 14, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. HENRY WIL-
LIAM HUNTER, Defendant and Appellant.

George P. Andreos, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Jeffrey T. Miller, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald), P. J.—Henry William Hunter pleaded guilty of kidnaping (Pen. Code, § 209), two counts of rape (Pen. Code, § 261, subd. 4) and robbery (Pen. Code, § 211). The court adjourned proceedings and certified him for examination and hearing as a probable mentally disordered sex offender. Two medical examiners, Doctors Lengyel and Hepner, prepared reports diagnosing Hunter as a mentally disordered sex offender and recommending he be sent to Atascadero State Hospital for further study.

A hearing on the certification and examination of Hunter was held February 21, 1968. Doctor Lengyel testified Hunter had a serious psychosexual deviation; an added feature of schizophrenia was indicated; and Hunter had no impulse control. He recommended further study at Atascadero State Hospital. Doctor Hepner concurred in Doctor Lengyel's diagnosis and recommendation. Hunter's counsel states: ''Your Honor, I would ask that the Court follow the recommendation and that he have further study at Atascadero.'' Hunter did not testify, present any witnesses, or make any statement at the hearing.

The court ordered Hunter committed temporarily in Atascadero State Hospital for a period not to exceed 90 days for observation and diagnosis. On April 30, 1968, the superintendent and medical director of Atascadero State Hospital reported Hunter was a mentally disordered sex offender, but was not amenable to hospital treatment. The court ordered Hunter returned to San Diego for further proceedings. On May 16, 1968, the court sentenced Hunter to state prison. Execution of sentence on all but the kidnaping count was stayed pending any appeal and during service of sentence on the kidnaping count, the stay to become permanent upon completing service of that sentence.

At no time did the court inform Hunter he had a

right to reply and to produce witnesses, in relation to the allegation he was a mentally disordered sex offender, as is required by Welfare and Institutions Code, section 5503. This advice should have been given at the time the court told Hunter he was "certified or alleged to be a mentally disordered sex offender." (Welf. & Inst. Code, § 5503.) The Attorney General candidly and commendably concedes the procedural error. The court's failure to give the information section 5503 requires it to give makes invalid the February 21, 1968, order adjudging Hunter a probable mentally disordered sex offender. The point is not moot because Hunter "is entitled to an opportunity to clear his name of the adjudication that he is a probable mentally disordered sex offender" and the matter is relevant to questions of probation and parole (*People* v. *Succop,* 67 Cal.2d 785, 789-790 [63 Cal.Rptr. 569, 433 P.2d 473]; *People* v. *Austin,* 260 Cal.App.2d 658, 662 [67 Cal.Rptr. 391]).

The Attorney General contends, however, the procedural defect was cured by waiver when Hunter's attorney asked the court to follow the doctors' recommendations Hunter be sent to Atascadero State Hospital for further study. *People* v. *Berry,* 257 Cal.App.2d 731, 737 [65 Cal.Rptr. 125] holds the procedural provisions of section 5501 et seq. of the Welfare and Institutions Code, while prerequisites to a valid commitment for observation, "may be waived by an express consent of the defendant."

Section 5503 requires the court to give a defendant information of his rights to reply and to produce witnesses. The Legislature thus recognized the importance of a defendant understanding his rights to resist mentally disordered sex offender classification by removing any possibility of conjecture or surmise in the matter. We cannot assume Hunter knew his rights. ▆ There can be no waiver without knowledge of the rights waived. (*In re Johnson,* 62 Cal.2d 325, 334 [42 Cal.Rptr. 228, 398 P.2d 420].)

▆ In addition, Hunter did not express a consent to any waiver. ▆ For the same reasons of importance the Legislature requires a judicial advisement of rights, we hold any waiver of a defendant's rights to reply and produce witnesses must be made personally by the defendant, under circumstances reasonably indicating he knows the rights he is waiving. (See *In re Jones,* 61 Cal.2d 325, 329-330 [38 Cal.Rptr. 509, 392 P.2d 269].)

Hunter's remaining contentions are without merit as well

as moot in view of our holding the February 21, 1968, temporary commitment procedures were invalid.

The order committing defendant to Atascadero State Hospital for a period not to exceed 90 days and the order denying probation are vacated. The judgment of conviction is reversed insofar as it commits defendant directly to imprisonment in a state prison and is otherwise affirmed. The defendant is ordered returned to the superior court for a hearing to determine whether there is sufficient cause to believe him to be a mentally disordered sex offender and for such further proceedings as the trial court deems proper under Welfare and Institutions Code sections 5511.7 and 5512.

Coughlin, J., and Whelan, J., concurred.