[Crim. No. 17826. Second Dist., Div. Four. May 29, 1970.]

In re ALBERT HERNANDEZ LEYVA on Habeas Corpus.

## COUNSEL

Gilbert F. Nelson, under appointment by the Court of Appeal, for Petitioner.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Russell Iungerich, Deputy Attorney General, for Respondent.

## OPINION

**KINGSLEY, J.**—In November of 1965, petitioner was arrested on charges of assault and of attempted rape. Ultimately he pled guilty, in the Municipal Court of the El Monte Judicial District, to a charge of battery. He was certified to the Superior Court for Los Angeles County for proceedings under the Mentally Disordered Sex Offender Act. Those proceedings ultimately resulted in an order, pursuant to section 5512 (now § 6316) of the Welfare and Institutions Code, committing him to the Department of Mental Hygiene for an indeterminate period. On June 16, 1967, he petitioned the superior court for a writ of *coram nobis*. That petition was denied. His appeal from the order of denial was dismissed by Division Two of this court on the ground that his remedy, if any, was other than by *coram nobis* in the superior court. (*People* v. *Leyva* (1969) 2d Crim. No. 14728 (unpublished opinion).)

Petitioner then applied, in the superior court, pursuant to section 6327 of the Welfare and Institutions Code, for a return to that court for a hearing on his claim that he was no longer in need of treatment under the order of commitment. That motion was summarily denied and he appealed the order of denial to this court, where the appeal is now pending. (2d Civ. No. 17313.)

In the meantime, he filed, in the Supreme Court, the present petition for habeas corpus; that petition was duly transferred by the Supreme Court to this court for hearing and disposition. We issued an order to show cause why it should not be granted. A return to the order was duly filed; the matter has been argued and submitted. For the reasons set forth below we grant the writ.

## I

The petition before us alleges that petitioner entered his plea in the municipal court, without counsel, and on the representation made to him by a deputy sheriff to the effect that if he pled guilty to the charge of battery he would receive no more than a short jail sentence; and he alleges that no one had ever explained to him the possibility of proceedings under the Mentally Disordered Sex Offender Act, much less that such proceedings might result (as they actually did) in what amounts to a possible life commitment.

It is not denied that those allegations, if true and if appropriately raised at this time and in this proceeding, entitle petitioner to relief. (*People* v. *Wadkins* (1965) 63 Cal.2d 110, 113-114 [45 Cal.Rptr. 173, 403 P.2d 429].) The argument made to us by the Attorney General is: (1) that, petitioner is guilty of laches, in that he did not raise the present matters until his abortive *coram nobis* petition in 1967—20 months after his plea of guilty; and (2) that his remedy is a motion in municipal court to set aside his plea of guilty. We conclude: (1) that the interests of justice require that petitioner be given relief in this court, where his appeal from the section 6327 order is pending; and (2) that the issue of laches should be decided in the same evidentiary hearing that we direct on the allegations of his petition.

## II

Assuming that, since proceedings in the municipal court had not proceeded to judgment, that court still had jurisdiction, after suspending its proceeding and instituting the MDSO proceeding, to entertain a motion under section 1018 of the Penal Code,[1] that remedy is not exclusive. In *In re Baker* (1970) 5 Cal.App.3d 55 [84 Cal.Rptr. 814], this court was faced with a comparable situation. There a defendant had been certified to the superior court by a municipal court without compliance with the procedural requirements of section 5512 (now § 6316) of the Welfare and Institutions Code. The result was that all subsequent proceedings, which had resulted in Baker's commitment to a state hospital, were void.

[1]See *Thurmond* v. *Superior Court* (1957) 49 Cal.2d 17 [314 P.2d 6].

There being in that case no factual issues, we issued our writ of habeas corpus, directing Baker's release from the hospital and his return to the municipal court for further, and proper, proceedings. In the case at bench, if petitioner's allegations are true, a jurisdictional prerequisite to any proceedings under the Mentally Disordered Sex Offender Act was missing, since his plea and the finding of guilty were void.

If we require petitioner to follow the route urged on us by the Attorney General, he will be required to pursue a series of judicial proceedings. The municipal court could vacate its own finding of guilt and its own original order of certification, but it could not vacate the superior court's orders in the MDSO proceeding; a separate proceeding in that court, based on the municipal court order, would be required. But our writ, if granted and if it results in a ruling in favor of petitioner, can, in a single proceeding, operate to wipe out the entire series of orders and restore petitioner to the status of one awaiting arraignment.

Let a writ of habeas corpus issue, returnable before the Superior Court of Los Angeles County, with directions to that court: (1) to hold an evidentiary hearing on the issue of laches and on the allegations in petitioner's habeas corpus petition (subject to amendment if petitioner shall so elect); (2) if such hearing results in findings favorable to petitioner, to issue its order: (a) vacating all of the superior court's orders in the mentally disordered sex offender proceeding; (b) directing petitioner's release from custody under the present commitment to the Department of Mental Hygiene and his return to the custody of the Sheriff of Los Angeles County for return by that officer to the Municipal Court of the El Monte Judicial District; (c) directing that municipal court to vacate its orders in connection with the mentally disordered sex offender proceeding, to allow petitioner to withdraw his plea of guilty, and to rearraign him on the complaint originally filed against him.

Files, P.J., and Jefferson, J., concurred.