[Crim. No. 19591. Second Dist., Div. Four. Nov. 10, 1971.]

In re ARMANDO SALAZAR ACOSTA on Habeas Corpus.

**52**

**COUNSEL**

Armando Salazar Acosta, in pro. per., and Richard H. Levin, under appointment by the Court of Appeal, for Petitioner.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Robert F. Katz, Deputy Attorney General, for Respondent.

**OPINION**

**FILES, P. J.**—In June 1967 petitioner pleaded guilty in the municipal court to two counts of child molesting (Pen. Code, § 647a, subd. (1)). The court then certified petitioner to the superior court for mentally disordered sex offender proceedings under Welfare and Institutions Code section 5500 (now § 6300) et seq. (Los Angeles Superior Court file No. 219685.)

On August 15, 1967, the matter was submitted to the superior court upon a stipulation that the court might consider the reports of the two examining

physicians. The court found petitioner was a probable mentally disordered sex offender and sent him to Atascadero for 90 days of observation and diagnosis.

On October 30, 1967, upon the report of the hospital superintendent, petitioner was adjudged a mentally disordered sex offender and committed to the hospital for an indefinite period.

On April 1, 1968, the superior court received a report from the superintendent that petitioner had reached maximum hospital benefit, and was still dangerous. The report recommended that petitioner be committed for custodial care under section 5518.

On May 6, 1968, the municipal court recertified petitioner to the superior court pursuant to section 5518.[1] The two physicians who had examined petitioner in 1967 reexamined him and submitted written reports.

On May 21, 1968, a hearing was held in the superior court. Petitioner was present with his appointed attorney. The two physicians were questioned by the court and by counsel. No other evidence was offered except the medical reports and hospital records. Petitioner answered questions put to him by his attorney and by the district attorney, though it does not appear he was sworn as a witness. Although the proceedings were informal, all the elements of a proper hearing were present. The court then made an order finding that petitioner was a mentally disordered sex offender and committing him for placement under section 5518 in an institution under the jurisdiction of the Department of Corrections. Petitioner is presently confined at the California Men's Colony, San Luis Obispo, under this commitment.

No appeal was taken from the order of May 21, 1968, or from any of the orders preceding it. Petitioner sought relief by habeas corpus in the Superior Court of San Luis Obispo County, but his petition referred to the wrong case number, and the return of the Attorney General erroneously

---

[1]Former section 5518 (now § 6326) provided in part: "If said [superior] court after hearing makes a finding that the person is still a mentally disordered sex offender and is still a danger to the health and safety of others, it may make an order recommitting the person for an indeterminate period to the Department of Mental Hygiene for placement in a state institution or institutional unit for the care and treatment of such mentally disordered sex offenders designated by the court. At such hearing or hearings, the person shall be entitled to present witnesses in his own behalf, to be represented by counsel and to cross-examine any witnesses who testify against him.

"The Director of Mental Hygiene, with the approval of the Director of Corrections and the Director of Finance, may provide on the grounds of a state institution or institutions under the jurisdiction of the Department of Corrections or the Department of Mental Hygiene one or more institutional units to be used for the custodial care and treatment of mentally disordered sex offenders."

assumed that petitioner was in prison serving a term for an earlier felony conviction. Relief was therefore denied in the San Luis Obispo County Superior Court.

On February 8, 1971, the petition for habeas corpus was filed in this court. We appointed counsel to assist petitioner. The Attorney General has filed a return, and petitioner's attorney has filed a brief which he calls a traverse. We have taken judicial notice of Los Angeles Superior Court file 219685. The issues raised have been submitted for decision.

■ We must conclude that defects in the August 15, 1967, proceeding are such as to invalidate the original commitment, and under existing case law all subsequent orders must be vacated. Petitioner must be returned to the Superior Court of Los Angeles County so that new and proper mentally disordered sex offender proceedings may be brought in accordance with existing law (now Welf. & Inst. Code, § 6300 et seq.).

There is no showing that a copy of the 1967 certification was served upon petitioner as required by section 5501, or that the court informed petitioner of his rights as required by section 5503. The Attorney General does not contend that these requirements were met. This invalidates the August 15, 1967, commitment and the October 30, 1967, commitment which followed upon the superintendent's report without a further court hearing. (See *People* v. *Succop* (1967) 67 Cal.2d 785 [63 Cal.Rptr. 569, 433 P.2d 473]; *In re Baker* (1970) 5 Cal.App.3d 55, 57 [84 Cal.Rptr. 814]; *People* v. *Hunter* (1969) 270 Cal.App.2d 683, 685 [76 Cal.Rptr. 101]; *People* v. *Austin* (1968) 260 Cal.App.2d 658, 662 [67 Cal.Rptr. 391]; *In re Kramer* (1967) 257 Cal.App.2d 287 [64 Cal.Rptr. 686]; *People* v. *McDonald* (1968) 257 Cal.App.2d 846, 849 [65 Cal.Rptr. 530].)

Furthermore, a defect in earlier proceedings has been held to invalidate a subsequent commitment which was made after a proper hearing. (*People* v. *Thomas* (1968) 260 Cal.App.2d 196, 201 [67 Cal.Rptr. 234]; *People* v. *Armstrong* (1968) 260 Cal.App.2d 190, 195 [67 Cal.Rptr. 73].)

Nothing in the record indicates that petitioner waived his rights. The cited cases establish that silence and failure to appeal do not by themselves constitute waiver of the safeguards which the statute has established for the protection of the individual.

It is arguable that all defects were cured by the proper hearing in 1968. The issue before the court at such a hearing (under former Welf. & Inst. Code, § 5518) is whether "the person is still a mentally disordered sex offender and is still a danger to the health and safety of others." The decision on that issue, determined in a hearing upon evidence, where the person is

represented by counsel, should establish that the person has been properly committed; and it might seem unnecessary to start over with the new proceedings to determine the same issues. That argument has not been discussed in the reported cases, but it is irreconcilable with two reported decisions.

In the *Thomas* and *Armstrong* cases, *supra,* the appellants were seeking review of decisions of the superior court, under Welfare and Institutions Code section 5519, finding that the appellants had not recovered from their mental disorders. In each case the appellant was appealing from an order made under Welfare and Institutions Code section 5519 determining that he was "still a mentally disordered sex offender." In each case the court did not find any defect in the section 5519 hearing, but reversed the order and vacated earlier commitment orders because the earlier proceedings had not conformed to the statutory requirements.

If the section 5519 hearing and decision do not cure earlier defective proceedings, we cannot say a valid section 5518 proceeding is a cure. The Attorney General did not seek a Supreme Court hearing in either the *Thomas* or *Armstrong* case. We therefore follow those decisions as authority here.

Some other contentions of petitioner require only brief comment.

Petitioner contends he was not subject to the mentally disordered sex offender statute because he was not eligible for probation. (See Welf. & Inst. Code, § 6301, formerly § 5500.5.) This is a matter which may be determined in the new proceeding.

Petitioner asserts his guilty plea was involuntary. He submits no statement of facts to support that conclusion and we reject it on that ground. (*In re Swain* (1949) 34 Cal.2d 300, 304 [209 P.2d 793].)

▉ Petitioner contends the municipal court certification is inadequate in that it fails to contain a statement of reasons as required by former section 5501 (now § 6302). In place of such a statement the certificate says "See copy of the arrest report attached." The arrest report contains factual statements adequate to establish probable cause to believe that petitioner is a mentally disordered sex offender. Although this form probably is not what the Legislature intended, the certificate is sufficient to give notice to the person certified and to the court. Petitioner has no ground for complaint about it.

▉ Petitioner contends he cannot be committed as a mentally disordered sex offender because he is on parole by the Adult Authority under

a prison sentence. The fact that he is on parole is not an automatic bar to a civil commitment, provided the Adult Authority does not revoke parole and order him back to prison. (See *People* v. *Superior Court* (1970) 2 Cal. 3d 527, 532 [86 Cal.Rptr. 83, 468 P.2d 211], regarding civil commitment of parolee for narcotics addiction.)

Finally, we point out that the mentally disordered sex offender statute has been substantially amended since petitioner was last in court. New proceedings will be in accordance with the procedures established by the statute in effect at the time of the new hearing.

The orders of the superior court made on August 15, 1967, October 30, 1967, and May 21, 1968, are hereby vacated. Petitioner shall be given to the custody of the Los Angeles County Sheriff for proceedings in the superior court in accordance with Welfare and Institutions Code section 6300 et seq.

Kingsley, J., and Dunn, J., concurred.