[Crim. No. 3452. Fifth Dist. Apr. 16. 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHNNY RAY HELTON, Defendant and Appellant.

## Counsel

Paul Halvonik and Quin Denvir, State Public Defenders, under appointment by the Court of Appeal, Gary S. Goodpaster, Ezra Hendon, Chief Assistant State Public Defenders, and Mark L. Christiansen, Deputy State Public Defender, for Defendant and Appellant.

Evelle J. Younger and George Deukmejian, Attorneys General, Jack R. Winkler, Robert H. Philibosian, Chief Assistant Attorneys General, Arnold O. Overoye, Assistant Attorney General, Nelson P. Kempsky, Charles P. Just and Nancy L. Sweet, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**HOPPER, J.—**■ We here consider whether a defendant convicted and sentenced to prison is eligible in a later case for civil commitment as a mentally disordered sex offender (hereinafter MDSO) while the sentence on the first conviction is still being served. We conclude that such a defendant, as a matter of law, is ineligible for commitment as an MDSO.

Appellant (hereinafter Helton) was convicted in Orange County in April 1977 (robbery with great bodily injury, oral copulation by force and attempted robbery) and sentenced to prison where he received treatment of some nature at the California Medical Facility at Vacaville. The record does not disclose whether an application to be considered an MDSO was made in the Orange County case. In August 1977 Helton pled guilty to the crimes of kidnaping (counts I and IV), first degree robbery (count II), first degree armed robbery with use of a firearm (count V), oral copulation (count III), temporary use of an automobile (count VI), assault with intent to commit rape (count VII), and burglary (count VIII). Counts I, V and VII were to run consecutively and consecutively to the prior sentence the defendant was serving on the Orange County conviction and concurrently with all other counts. No credit was given on these offenses for the time Helton was held in the county jail awaiting disposition of his case.

At the time of sentence in September 1977 in the instant case the court denied, without reading, an application by Helton to determine whether he was an MDSO. On appeal Helton contends that the trial court failed to exercise its discretion in ruling that he was ineligible for MDSO treatment because he was already in prison; that he is entitled to credit for the time spent in custody on the charges in the present case and that it was Penal Code section 654 (prohibition against multiple punishment for one offense) error to impose concurrent sentences rather than staying execution on counts which were part of a single course of conduct.

### The MDSO Application

This appears to be a case of first impression on the issue of the applicability of MDSO proceedings when an applicant is at the time of his application then serving a prison sentence.[1]

---

[1] Respondent's brief cites *In re Acosta* (1971) 21 Cal.App.3d 51, 55-56 [98 Cal.Rptr. 208]. *Acosta* does not purport to thoroughly discuss the matter and does not constitute a holding on the issue.

In *People* v. *Superior Court (Syvinski)* (1970) 2 Cal.3d 527, 531 [86 Cal.Rptr. 83, 468 P.2d 211], our Supreme Court held that a defendant was ineligible for civil commitment as a narcotic addict because he was at the time serving a prison sentence for other crimes by reason of an earlier judgment.

Helton argues that the analogy between the civil addict laws and the MDSO laws breaks down when comparing them for eligibility purposes because of the nature of the problem, the method of treatment contemplated being different and because no satisfactory alternative is available within the state prison system. We are not persuaded that a different rule should apply in the case of the MDSO.

Helton's contentions that the statutory eligibility for commitment to the California Rehabilitation Center is narrower than eligibility for an MDSO commitment and that, unlike the narcotic addict laws, the underlying criminal offense is of no significance in determining whether placement as an MDSO is appropriate, do not rest on completely solid ground. The MDSO statute (Welf. & Inst. Code, § 6302) is broader than the civil addict statute (Welf. & Inst. Code, § 3051) in that *any person* (other than one subject to the death sentence) comes under the MDSO statute, whereas the civil addict statute excludes persons convicted of many crimes (Welf. & Inst. Code, § 3052). However, in one sense the civil addict statute is broader. While for many years the criminal offense of which a defendant was convicted need have no relevance at all to the issue subsequently adjudicated in the MDSO proceedings (see *People* v. *Feagley* (1975) 14 Cal.3d 338 [121 Cal.Rptr. 509, 535 P.2d 373]), the Legislature, in 1976, restricted the MDSO statute to conviction of "sex offenses" as defined in the statute. On the other hand, the civil addict statute is not restricted to "narcotic offenses."

Insofar as the analogy is concerned, we see no significance one way or the other insofar as the issue involved in this case is concerned in the fact that civil addicts, unlike MDSOs are subject to outpatient treatment while MDSOs are only treated as inpatients or that security considerations may differ.

In both the civil addict and the MDSO situation, if a civil commitment were permitted under circumstances such as the instant case "either the commitment would have to stand by until defendant had served his prison sentence, or else that sentence would have to be suspended; however, neither alternative is provided for by statute." (*People* v.

*Superior Court (Syvinski), supra,* 2 Cal.3d 527, 532; see also *People v. Victor* (1965) 62 Cal.2d 280, 294-295 [42 Cal.Rptr. 199, 398 P.2d 391].)

Helton cannot be subdivided into two or more parts according to the particular sentence he may be serving or whether the proceedings are suspended in his case (see *In re Dennis J.* (1977) 72 Cal.App.3d 755, 760 [140 Cal.Rptr. 463] (a minor in both juvenile and adult criminal court)) or be in two places at the same time.

Essentially, it is a matter of jurisdiction. Subject to an extraordinary remedy being applicable or for limited purposes such as temporary removal to be a witness (Pen. Code, § 2621) or statutes permitting recall (e.g., Pen. Code, § 1203.03; see *Holder v. Superior Court* (1970) 1 Cal.3d 779, 781 [83 Cal.Rptr. 353, 463 P.2d 705], and *People v. Calhoun* (1977) 72 Cal.App.3d 494, 497 [140 Cal.Rptr. 225] (former Pen. Code, § 1168)), none of which conditions exist in the present case, Helton remains under the direction and custody of the prison authorities (see Pen. Code, § 1216) and the superior court simply has no jurisdiction. In the absence of statute permitting a modification, the judgment of the superior court in Orange County cannot be modified (*In re Bost* (1931) 214 Cal. 150, 153-154 [4 P.2d 534] (no jurisdiction to act upon an application for probation after execution of judgment)). Even if the trial court in the instant case had read Helton's application, the trial court would have been powerless to modify the Orange County judgment. Not being able to make such a modification, any MDSO proceeding would be futile.

The superior court had surrendered its jurisdiction in the premises in the judgment in the Orange County case by committing and delivering Helton to the prison authorities. (See *In re Black* (1967) 66 Cal.2d 881, 888-889 [59 Cal.Rptr. 429, 428 P.2d 293]; *People v. Banks* (1959) 53 Cal.2d 370, 383 [1 Cal.Rptr. 669, 348 P.2d 102]; *People v. McAllister* (1940) 15 Cal.2d 519, 526 [102 P.2d 1072]; see also *People v. Vasquez* (1971) 16 Cal.App.3d 897, 900 [94 Cal.Rptr. 389].)

Thus, as a matter of law, the trial court had no discretion to exercise. A person who is serving a prison term is ineligible for civil commitment as an MDSO. There was no error.

### CREDIT

Respondent concedes that under Penal Code section 2900.5 Helton is entitled to credit for time served in the Tulare County jail while awaiting

disposition of this case and that the matter must be remanded for the purposes of computation. We agree.

### MULTIPLE PROSECUTION

Respondent concedes, and we agree, that the sentences on counts III (forcible oral copulation) and VIII (second degree burglary) must be stayed pursuant to Penal Code section 654. ■ Helton further claims that counts IV (kidnaping) and VI (auto theft) should also be stayed since the auto theft was a part of the kidnaping during which the robbery took place. We disagree. The essential facts are set forth in the statements of the victim and Helton as contained in the probation report. The victim told police that as she walked to her vehicle after shopping, Helton forced her into her car at gunpoint and thereafter ordered her to drive him around Porterville. During the drive appellant grabbed her purse, which he dumped upside down. Ultimately Helton ordered her to stop the vehicle, to exit and remove all of her clothing. After the victim complied, Helton pushed her forward and told her to lie face down by some bushes. The victim did so, but then Helton picked up her clothes and drove off in the vehicle. The victim later discovered that about 25 cents had been taken from her purse.

Helton's statement was factually similar to the victim's except that Helton stated that as of the time he forced the victim into the vehicle he had decided to rape her. Helton added that he in fact raped the victim in the bed of the pickup and only then ordered her to lie down in the bushes, after which he stole the truck. Respondent asserts that the kidnaping was incident to the ultimate objective of rape and that both the robbery and auto theft were separate, divisible acts. We cannot hold that such an interpretation is unsupported by the record. Respondent's analysis of events finds support in Helton's own statement to the probation officer. The record supports the conclusion that Helton initially intended to rape the victim, but was ultimately dissuaded, perhaps by the victim's remonstrations that she was pregnant and did not want to risk a second miscarriage. In any event, for whatever reason, Helton abandoned the rape, and as an afterthought, independent of and not merely incident to the other acts, took the victim's money and her truck. No Penal Code section 654 error appears as to counts IV, V and VI. (See *People v. Coleman* (1973) 32 Cal.App.3d 853, 858 [108 Cal.Rptr. 573]; *People v. Delgado* (1973) 32 Cal.App.3d 242, 255 [108 Cal.Rptr. 399]; see also *People v. Perez* (1979) 23 Cal.3d 545, 551-552 [153 Cal.Rptr. 40, 591 P.2d 63].)

The judgment is ordered modified to stay execution of sentence on count III (forcible oral copulation) and count VIII (second degree burglary). The Superior Court of Tulare County is directed to prepare a new abstract of judgment incorporating the modification stated hereinabove and forward a copy of the new abstract of judgment to the California Department of Corrections. The California Department of Corrections is directed to forthwith give full effect to the modification stated hereinabove. The case is remanded to the trial court for the limited purpose of determination of the credit which must be accorded for time served while in custody of the Tulare County authorities in the instant case. In all other respects, the judgment is affirmed.

Brown (G. A.), P. J., and Zenovich, J., concurred.

A petition for a rehearing was denied May 16, 1979, and respondent's petition for a hearing by the Supreme Court was denied July 12, 1979.