Filed 8/24/15  Campbell v. Pirrie CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| JERRY CAMPBELL, | B252587 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BQ040282) |
| v. | |
| NEFERTITI PIRRIE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Robert E. Willett, Judge.  Dismissed.

Nefertiti Pirrie, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

## INTRODUCTION

Nefertiti Pirrie appeals from a domestic violence restraining order issued May 29, 2013 pursuant to the Domestic Violence Prevention Act (Fam. Code, § 6200 et seq.). Because the restraining order expired while this appeal was pending, we dismiss the appeal as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

Pirrie and Jerry Campbell had a dating relationship, and they have one adult son. On April 16, 2013, several years after they separated, Campbell filed an application for a domestic violence restraining order against Pirrie. Campbell alleged that Pirrie had repeatedly appeared at Campbell's house threatening to run him over with her car and stab him with a knife and a pair of scissors. Campbell sought a restraining order to prevent Pirrie from harassing or contacting him and requiring her to stay at least 100 yards from him, his home, and his car.

On May 7, 2013 the trial court continued the hearing on Campbell's application for a restraining order because Campbell had not yet served Pirrie. At the May 29, 2013 hearing, at which Pirrie did not appear, Campbell submitted a proof of service indicating that on May 22, 2013 Campbell had served Pirrie with the application and given notice of the hearing. The court held the hearing and issued a one-year restraining order.

On November 18, 2013 Pirrie filed a notice of appeal. The restraining order expired on May 29, 2014, while this appeal was pending.

## DISCUSSION

"California courts will decide only justiciable controversies." (*Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1573.) A justiciable controversy no longer exists after an appeal becomes moot. (*Id*. at p. 1574.) An appeal is

2

moot where, through no fault of the respondent, an event occurs that precludes the appellate court from providing the appellant any effective relief. (*Ebensteiner Co., Inc. v. Chadmar Group* (2006) 143 Cal.App.4th 1174, 1178-1179.) Where the relief granted by the trial court is temporal, and that relief expires before the reviewing court can hear the appeal, the appeal is moot. (*City of Monterey v. Carrnshimba* (2013) 215 Cal.App.4th 1068, 1079.) There are, however, three discretionary exceptions. A reviewing court may hear a case that is otherwise moot (1) when the case raises an issue of broad public interest, (2) when the conduct leading to the underlying action is likely to recur, and (3) when a material question remains for the court to decide. (*Malatka v. Helm* (2010) 188 Cal.App.4th 1074, 1088.)

We asked Pirrie to submit a supplemental brief on the issue of whether we should dismiss her appeal as moot because the restraining order of which she seeks review expired more than one year ago. In her response, Pirrie essentially argued that exception (3) applies; i.e., there is a material question remaining for the court to decide. Pirrie argues that the fact the trial court issued a (now-expired) domestic violence restraining order against her will negatively impact her current employment as well as her ability to obtain future employment. Thus, Pirrie argues that her appeal is not moot because reversal will clear her name and record.

Seeking to clear one's name or record in a civil case, however, is not a "material question" warranting hearing an appeal that is otherwise moot.[1] In the civil context, a material question remains when "the judgment, if left unreversed, would preclude a party from litigating its liability on an issue still in controversy." (*Viejo Bancorp, Inc. v. Wood* (1989) 217 Cal.App.3d 200, 205.) This typically occurs when a party appeals from an order or judgment and, although the relief granted by the trial court has expired, the trial court's order could later serve as the basis for an adverse finding on a separate issue that

---

[1]     In contrast, seeking to clear one's name or record in a criminal case may be an exception to the mootness doctrine. (See, e.g., *People v. Succop* (1967) 67 Cal.2d 785, 790; *People v. Ellison* (2003) 111 Cal.App.4th 1360, 1368-1369 ; *People v. Delong* (2002) 101 Cal.App.4th 482, 484.)

is still in controversy.  (See *ibid*.)  For example, in *In re Cassandra B.* (2004) 125 Cal.App.4th 199 the court found that a material question remained in an appeal from an expired temporary restraining order against a mother in a dependency proceeding because the restraining order could have negative consequences for the mother in future dependency court proceedings.  (*Id.* at p. 209; see *City of Monterey v. Carrnshimba*, *supra*, 215 Cal.App.4th at p. 1079.)  Here, however, there are no further issues in the trial court that the restraining order could adversely affect.  The restraining order was not issued as part of a family or dependency court case or cases where the order could later prejudice Pirrie's interests in the same or a related proceeding.  Therefore, the material question exception does not apply.

## DISPOSITION

The appeal is dismissed as moot.  Pirrie is to bear her costs on appeal.


SEGAL, J.

We concur:



ZELON, Acting P. J.



STROBEL, J.[*]

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.