Filed 3/9/22  Holly Hill Investments v. Flaherty CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| HOLLY HILL INVESTMENTS, LLC, | B306603 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 19STRO07920) |
| v. | |
| VINCE FLAHERTY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lawrence P. Riff, Judge.  Dismissed.

Vince Flaherty, in pro. per., for Defendant and Appellant.

McKenna, Brink, Signorotti and Dominic V. Signorotti for Plaintiff and Respondent.

_____

Appellant Vince Flaherty appeals from the trial court's entry of a workplace violence restraining order.  Because the

order has expired and the record does not reflect any request for renewal of the order, we dismiss the appeal as moot.

The parties are familiar with the facts and our opinion does not meet the criteria for publication. (Cal. Rules of Court, rule 8.1105(c).) We accordingly resolve the cause before us, consistent with constitutional requirements, via a written opinion with reasons stated. (Cal. Const., art. VI, § 14; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1261–1264 [three-paragraph discussion of issue on appeal satisfies constitutional requirement because "an opinion is not a brief in reply to counsel's arguments"; "[i]n order to state the reasons, grounds, or principles upon which a decision is based, [an appellate] court need not discuss every case or fact raised by counsel in support of the parties' positions"].)

## DISCUSSION

After a contested evidentiary hearing on two court days in January 2020, the trial court entered a Workplace Violence Restraining Order pursuant to Code of Civil Procedure section 527.8. The order protected several specifically identified individuals by prohibiting Flaherty from engaging in various acts of harassment, violence, and threats involving them, and by restraining Flaherty from coming within thirty yards of properties identified as Holly Hill's workplace (with certain exceptions to allow Flaherty access to his property). By its express terms, the restraining order, issued on January 9, 2020, was to expire on January 9, 2021 at 5:00 p.m. The parties agree that the restraining order expired on that date.

An appeal is moot if events render it impossible for the appellate court to grant the appellant any effective relief. (*Newsom v. Superior Court* (2021) 63 Cal.App.5th 1099, 1109; see *Building a Better Redondo, Inc. v. City of Redondo Beach* (2012) 203 Cal.App.4th 852, 866 ["'a live appeal may be rendered moot by events occurring after the notice of appeal was filed'"].) "If relief granted by the trial court is temporal, and if the relief granted expires before an appeal can be heard, then an appeal by the adverse party is moot. [Citation.] However, 'there are three discretionary exceptions to the rules regarding mootness: (1) when the case presents an issue of broad public interest that is likely to recur [citation]; (2) when there may be a recurrence of the controversy between the parties [citation]; and (3) when a material question remains for the court's determination [citation].'" (*Environmental Charter High School v. Centinela Valley Union High School Dist.* (2004) 122 Cal.App.4th 139, 144; *Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 495 (*Harris*).)

The record here discloses no support for any of the three discretionary exceptions to the rules regarding mootness, and we decline to hear the merits of Flaherty's appeal. First, this case does not present an issue of broad public interest that is likely to recur; it is a dispute between specific private parties, and there is no cognizable evidence suggesting that there is any public awareness of, much less public interest in, the facts that led to issuance of the restraining order.

Second, we reject Flaherty's contention that because he continues to engage in litigation in various civil matters in the superior court against Holly Hill, we should assume the controversy between the parties will recur. Were we to do so, we would effectively eliminate the mootness doctrine as it relates to

3

workplace violence restraining orders. These orders expire either by their terms or by operation of law, regardless of whether the parties' relationship—whatever it may be—continues or ends. It is significant that neither Holly Hill nor any protected person identified in the January 9, 2020 order sought to extend the order before it expired, despite continuing litigation between Flaherty and Holly Hill. The appeal here stands in contrast to the facts set forth in *Harris*, where the court exercised its discretion to review a civil harassment restraining order after the restraining order *was renewed*. "Given the renewal of the restraining order," the court said, "it seems likely that the controversy will recur between the parties." (*Harris, supra*, 248 Cal.App.4th at p. 496.) Here, the record reveals no request for renewal, *much less an actual renewal* of the restraining order.

Third, there are no questions that remain for adjudication that could even arguably be material, particularly given the expiration of the restraining order ten months before Flaherty even filed his opening brief in this appeal.

Flaherty urges this court to exercise its discretion to hear this matter, based on a conclusory and speculative claim that the entry of the restraining order has caused, or will cause, him reputational damage. While seeking to clear one's name or record may be of such significance to provide reason not to apply the mootness doctrine in a criminal case, there is no such exception in this civil context. (See *People v. DeLeon* (2017) 3 Cal.5th 640, 646, fn. 2 [a criminal defendant can "demonstrate sufficiently concrete consequences to avoid a finding of mootness, even if the term of imprisonment has already concluded"]; *People v. Succop* (1967) 67 Cal.2d 785, 790 [a "defendant is entitled to the opportunity to clear his name of the adjudication that he is a

4

probable mentally disordered sex offender"]; *People v. Ellison* (2003) 111 Cal.App.4th 1360, 1368–1369 ["[a] criminal case should not be considered moot where a defendant has completed a sentence where . . . the sentence may have 'disadvantageous collateral consequences'"]; *People v. Delong* (2002) 101 Cal.App.4th 482, 484 [criminal defendant's appeal was not moot where she complied with the terms of her probation and was "entitled to an opportunity to clear her name and rid herself of the stigma of criminality"].)  Even were we to consider reputational damage from the entry of a Workplace Violence Restraining order to be a sufficient reason to overcome mootness in some circumstances, here we find the record is devoid of any persuasive evidence that Flaherty has suffered, or likely will suffer, reputational damage.  Accordingly, we decline to exercise our discretion to hear the matter.

Because we have concluded that Flaherty's appeal is moot, we dismiss it without reaching the merits of his contentions of trial court error.[1]

---

[1] Flaherty's motion to remand the matter for re-service of subpoenas duces tecum, filed with this court on January 10, 2022, is denied.

## DISPOSITION

The appeal is dismissed.


                              MOOR, J.

We concur:



          RUBIN, P.  J.




          KIM, J.